# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-894V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JAIME RENEE BRUNKAN, | |
| Petitioner, | Filed: September 16, 2014 |
| v. | Decision by Stipulation; Attorney's Fees & Costs; RCFC 60(a) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Carol L. Gallagher*, NJ, for Petitioner.

*Linda S. Renzi*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### AMENDED ATTORNEYS' FEES AND COSTS DECISION[1]

On November 12, 2013, Jaime Renee Brunkan filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). On July 21, 2014, the parties filed a stipulation detailing an amount to be awarded to Petitioner. I subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioner the award outlined by the stipulation.

On September 12, 2014, counsel for both parties filed another joint stipulation, this time regarding attorneys' fees and costs. The parties stipulated that Petitioner's counsel should receive

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

a lump sum of $19,568.53, in the form of a check payable to Petitioner and Petitioner's counsel. Additionally, the parties stipulated that Petitioner should receive a lump sum of $400.00, in the form of a check payable to Petitioner. The amounts represented sums to which Respondent did not object. I approved the requested amount for attorneys' fees and costs, as well as the requested amount for Petitioner's out-of-pocket expenses, as reasonable.

On September 14, 2014, I issued a decision regarding attorneys' fees and costs in this case. However, due to a clerical error the decision was not consistent with the agreement of the parties or my intent. Petitioner brought this clerical error to my attention, and I am now invoking Rule 60(a) to make a correction to the decision to reflect my original intentions.

Rule 60(a) of the Court of Federal Claims allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and is appropriate where the order, decision or judgment does not reflect what the court intended. RCFC 60(a); *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed. Cir. 2009) (finding that under Fed. R. Civ. P. 60(a)[2] courts may "correct clerical errors in previously issued orders in order to conform the record to the intentions of the court and the parties"); *see also Companion Health Services, Inc. v. Kurtz*, 675 F.3d 75, 87 (1st Cir. 2012) (finding relief under Rule 60(a) appropriate only where "the judgment failed to reflect the court's intention" and not where the correction would alter the deliberate choice of the judge) (quoting *Bowen Inv., Inc. v. Carneiro Donuts, Inc.*, 490 F.3d 27, 29 (1st Cir. 2007)). I approve the originally requested amount for attorneys' fees and costs, as well as the requested amount for Petitioner's out-of-pocket expenses, as reasonable, and the proposed correction does not alter that initial conclusion.

Accordingly, an award of $19,568.53 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Carol L. Gallagher, Esq.; and an award of $400.00 should be made in the form of a check payable to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                                /s/ Brian H. Corcoran
                                                Brian H. Corcoran
                                                Special Master

---

[2] The Rules of the United States Court of Federal Claims generally mirror the Federal Rules of Civil Procedure (FRCP). *See* RCFC 2002 rules committee note ("interpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure"); *see also Rivera Agredano v. United States*, 76 Fed. Cl. 315, 317 n.3 (Fed. Cl. 2007) (RCFC 60(b) conforms to FRCP 60).

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.